UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Donna Whigham,<br>Plaintiff, | CASE NO.: _____ |
| v. | **COMPLAINT** |
| Blue Max Trucking, Inc.,<br>Defendant, | |

## JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq*.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. A charge of employment discrimination on basis of gender discrimination was filed with Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from the EEOC on or about December 13, 2016.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. Plaintiff, Donna Whigham, is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the County of Dorchester, State of South Carolina.

5. The Defendant, Blue Max Trucking, Inc., upon information and belief, is a North Carolina corporation operating under the laws of the State of South Carolina and does business in Dorchester County.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9.      The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10.     The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

11.     Plaintiff, a female, began working for Defendant on or about December 9, 2013. At all times, Plaintiff was efficient and effective in her work as lead dispatcher.

12.     Prior to August 2015, Randy Booker, a male, was an employee of the Defendant who was terminated for sexual harassment. On or about August 2015, the Defendant rehired Randy Booker, to work alongside Plaintiff.

13.     Beginning on or about September 1, 2015, the Plaintiff learned the customers were being told to talk directly to Mr. Booker instead of Plaintiff, one of Plaintiff's primary job responsibilities.

14.     Plaintiff was forced to work more hours than Mr. Booker, due to her gender, female.

15.     On or about October 2015, Plaintiff heard Defendant General Manager tell Taylor Owens, "we don't need any women truck drivers here right now."

16.     Beginning on or about September 2, 2015, the Plaintiff began to be repeatedly verbally abused by Defendant truck drivers who were male. Plaintiff reported the verbal abuse to her supervisors, but the verbal abuse was allowed. Defendant truck drivers were immediately reprimanded if they were verbally abusive to a male coworker.

17.     Plaintiff was not allowed to perform her job duties, which included interviewing truck drivers, due to her gender, female.

18.     Plaintiff, as lead dispatcher, was not given a company vehicle, but her male counterparts were given a company vehicle to use.

19.     Plaintiff was not paid as much as her male counterparts.

20.     Plaintiff repeatedly reported the gender discrimination to her supervisors.

21.     In retaliation for Plaintiff reporting the gender discrimination, Plaintiff's essential job requirements were stripped away and given to Mr. Booker. Mr. Booker was subsequently paid a significant amount more than Plaintiff due to his gender.

22.     Due to the retaliation and gender discrimination, Plaintiff was constructively discharged on or about December 1, 2015.

23.     Once Plaintiff asserted her rights under Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), and the Equal Employment Opportunity Act, Plaintiff was subjected to adverse terms and conditions by the Defendants causing a hostile work environment.

24.     The Defendant created a hostile work environment by allowing the severe and pervasive harassment to continue after the Plaintiff's complaints of harassment and discrimination

25.     The Plaintiff was subjected to severe and pervasive discrimination based on her gender, which created a hostile work environment.

26.     That the aforesaid discharge of Plaintiff's employment by the actions of the Defendant, constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Rights Act and in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.).

27.     As a direct and proximate result of the acts and practices of Defendant in creating a hostile environment in the workplace, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life and other past and future losses.

28.     The Plaintiff was subjected to retaliation when she was constructively discharged on or about December 1, 2015, for reporting complaints of sexual harassment and gender discrimination.

29.     Plaintiff satisfactorily performed her essential and fundamental job functions as well as other positions and was an exemplary employee in all respects.  Upon reporting the detrimental treatment and discrimination based on her sex, Plaintiff was constructively discharged from her position in retaliation for asserting her rights under Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), and the Equal Employment Opportunity Act.

30.     That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), and the Equal Employment Opportunity Act.

31.     Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

32.     That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

33.     Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

34. Upon information and belief, the company fired the Plaintiff in an effort to foreclose the sexual discrimination complaints of the Plaintiff.

### FOR A FIRST CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS/DISCRIMINATION
### (Gender Discrimination)

35. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

36. Plaintiff is a member of a protected group on the basis of her sex and gender. Plaintiff was discriminated against due to her sex and gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

37. Plaintiff had a satisfactory job performance while she worked for the Defendant.

38. Plaintiff asserts that the preferential treatment was a mere pretext for the discrimination against Plaintiff based on her gender and sex (female).

39. Defendant was wanton, reckless, wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to continue to employ Plaintiff due to her gender and sex (female);

    b. In discharging Plaintiff due to her gender and sex (female);

    c. In discharging Plaintiff for filing reports of the gender discriminations and inappropriate behaviors; and

    d. In failing to pay the Plaintiff as much as her male counterparts received.

40. That in failing to protect Plaintiff from sex and/or gender discrimination, or preferential treatment, Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), and Equal Employment Opportunity Act.

41. Defendant violated the Title VII of the Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), by allowing the sex and/or gender discrimination and preferential treatment to exist in the workplace.

42. As a direct and proximate result of Defendant's discrimination on the basis of sex and/or gender, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

43. Defendant's employment discrimination of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses into the future.

44. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

45. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

**FOR A SECOND CAUSE OF ACTION**
**Retaliation**

46. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

47. That as alleged above, plaintiff complained to the Defendant on several occasions about gender discrimination.

48. That Plaintiff's complaints were made in good faith, and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

49. That shortly after making said complaints, the Defendant constructively discharged the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

50. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

51. The Plaintiff's reports of gender discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff' reports of gender discrimination and, she would not have been constructively discharged.

52. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

53. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

54. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

55. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

56. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered

severe psychological harm, emotional distress, anxiety, depression, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

57. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## FOR A THIRD CAUSE OF ACTION
### Hostile Work Environment

58. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

59. Once Plaintiff asserted her rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), Plaintiff was subjected to adverse terms and conditions by the Defendant causing a hostile work environment.

60. The Defendant's wrongful actions arising from Plaintiff's protected activity, as set forth aforesaid, constituted a hostile work environment for the Plaintiff. The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), by allowing a hostile work environment to exist in the workplace.

61. The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff by creating a hostile work environment.

62. That the aforesaid discharge of Plaintiff's employment by the actions of Defendant constitutes a violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

63. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## FOR A FOURTH CAUSE OF ACTION
### Violation of Federal Equal Pay Act

64. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

65. As a lead dispatcher, the Plaintiff was similarly situated with her male co-workers and was doing equal work for the Defendant.

66. However, the Plaintiff's male co-workers who were doing identical work were paid at a higher rate than she was paid.

67. The Plaintiff complained to Defendant's supervisors and the complaint was dismissed without any corrective action.

68. The Defendant's wrongful discrimination, preferential treatment, constructive discharge and inappropriate behaviors as set forth aforesaid constituted a discrimination of the Plaintiff due to her gender which constitutes a violation of the FEPA of 1963, as amended, 29 U.S.C. §206(d).

## REQUEST FOR RELIEF

69. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

70. Due to the acts of the Defendant, the Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

71. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against the Defendant with back pay and associated benefits she would have earned such amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against the Defendant for mental anguish, embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**[Signature Block on Follow Page]**

**WIGGER LAW FIRM, INC.**

s/ *Brice E. Ricker*
Brice E. Ricker (Fed. I.D. #12049)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

Charleston, South Carolina
January 26, 2017